45 C.C.P.A. (Patents).

**Application of Harley Y. JENNINGS.**

**Patent Appeal No. 6366.**

United States Court of Customs and Patent Appeals.

May 23, 1958.

**416**

Barnes, Kisselle, Laughlin & Raisch, Detroit, Mich. (L. Aubrey Goodson, Jr., Washington, D. C., and John M. Kisselle, Detroit, Mich., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Arthur H. Behrens, Washington, D. C., of counsel), for Comr. of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, and RICH, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1 to 4 inclusive in appellant's application, No. 417,773, for a patent on a paper coating method and apparatus. Claims 1 and 3, which are representative of the appealed claims, read as follows:

"1. The method of depositing a variable but predetermined coating of rubber on paper and storing the same in rolls whereby the paper and attached coating may be unrolled to present the rubber coating in condition to cohere to itself which comprises bringing the paper into contact with a coating roll which dips into an aqueous dispersion of latex and rotates in a direction opposite to that in which the paper is moving, depositing such aqueous dispersion of rubber on one side only of said paper in a uniform membrane of predetermined thickness by passing the material in circumferential area contact with the roll to such an extent that the membrane will have a uniform consistency and thickness, settingup the membrane by the application of heat to a degree proportional to the thickness of the rubber applied to the extent that the coating will temporarily cohere to itself but not adhere to other surfaces such as glass, enamel, metal and the back of the sheet, and rolling the resulting laminated sheet to exclude air and maintain the condition of the rubber as temporarily cohesive until it is dispensed by unrolling.

"3. An apparatus for coating a strip of paper with a layer of latex of predetermined thickness which comprises the combination of an applicator, a heating device and a wind-up roll, said applicator comprising a series of two small rolls and one larger roll arranged in parallel relation, the centers of the rolls forming an inverted triangle in a cross-sectional plane with the small rolls at the base corners and the large roll at the apex, means to position and adjust simultaneously said small rolls relative to said large roll, whereby the axes of the small rolls overlie the large roll and whereby paper passing through said rolls will vary in surface contact with said large roll depending on the relative position of the small rolls, means to feed a supply of liquid latex to said large roll, said heating device comprising a bank of lights positioned to play on said paper as it leaves said applicator, and a heated roll interposed between said lights and said wind-up roll, said lights and heated roll being adjustable in effective heat whereby the condition of the applied latex as it approaches the wind-up roll may be controlled."

The references relied on are:

| Mather | 219,963 | Sept. 23, 1879 |
|---|---|---|
| Barrett | 1,909,482 | May 16, 1933 |
| Drummond | 2,320,513 | June 1, 1943 |
| Jennings | 2,432,074 | Dec. 2, 1947 |

Appellant's application discloses an apparatus for depositing a layer of latex of

predetermined thickness on a moving web of paper which passes from one roll through an applicator in which it receives the latex coating and is then wound on another roll. The applicator comprises a large roll which rotates in a direction opposite to that in which the web is moving and which, at its lower portion, dips into a dispersion of latex.

The web is held against the upper portion of this roll by two small spaced rollers which bear against it and press it down onto the large roll. These rollers are parallel to the large roll and are supported at each of their ends in common angle irons. The angle irons are provided at their opposite ends with holes receiving vertical bolts which pass freely through the holes and are provided at their upper ends with wing nuts.

The lower portions of the bolts are surrounded by springs on which the angle irons rest. By adjusting the wing nuts, the rollers may be caused to move toward or away from the large roll, thus varying the area of the web which will contact that roll and regulating the thickness of the latex coating. After leaving the applicator the coated web passes in front of a bank of electric lamps and over a heated drum in order to dry the coating.

The patent to Jennings, No. 2,432,074, discloses a method of coating paper with latex in which the paper is unwound from one roll, passes through a latex applicator and an electric heater and over a heated drum, and is then wound upon another roll. The latex applicator comprises a large roll, dipping into a latex bath and turning in a direction opposite to that in which the paper moves, and a small roll, which holds the paper in contact with the large one so that latex will be applied to the paper.

The Jennings patent was issued to appellant in 1947, but it was used as a reference only as to the invention claimed in it, apparently because the appealed application is a continuation-in-part of an earlier application which, in turn, was a continuation-in-part of a still earlier application which was copending with the application on which the patent, No. 2,432,074, was granted.

The Mather patent, No. 219,963, shows an apparatus for moistening fabrics in which a web of fabric passes over an applicator roll which dips into a body of water and rotates in a direction opposite to that in which the fabric moves. The surface of the roll is roughened to provide a number of recesses and the roll, as it leaves the water, passes under a doctor blade which removes all water except that in the recesses. The fabric is pressed against the upper portion of the roll by two small rollers mounted in a pivoted frame on axes parallel to that of the applicator roll. The frame is adjustable about its pivot so that the rollers may be moved as a unit toward or away from the roll, thus varying the contract between the fabric and roll.

The patent to Barrett, No. 1,909,482, shows an apparatus for applying latex to the back of carpet in which the carpet passes over an applicator roll which dips into a latex bath and rotates in the direction in which the carpet moves, but at a higher speed. Just before it reaches the roll, the carpet passes over a guide bar which may be adjusted vertically to vary the contact between the carpet and roll. It is stated in the patent specification that such adjustment serves to vary the amount of latex picked up by the carpet.

The Drummond patent, No. 2,320,513, was cited to show that it was old to pass a coated web over a heated drum and under a bank of electric lamps in order to dry the coating.

Appealed claims 1 and 2 were rejected as being unpatentable over claim 3 of the Jennings patent, in view of the disclosure of the Barrett patent. Appealed claims 1 and 2 differ from the said patent claim in that they are limited to methods in which the latex is applied to the material being coated by a roll rotating in a direction opposite to that in which the material is moving, whereas the patent claim merely recites broadly that the material is coated on one surface.

It was the opinion of the Patent Office tribunals that the use of a roll of the

type shown by Barrett for applying a latex coating in the method defined by claim 3 of the Jennings patent would not be a matter of invention. Even if that were done, however, appealed claims 1 and 2 would not be met, since they call for a roll rotating oppositely to the direction of movement of the strip to be coated, whereas Barrett's roll rotates in the same direction as that strip. This is not merely a choice since, as explained in appellant's specification, a rotation of the roll in the opposite direction results in an accumulation of latex in the pocket between the roll and the strip at the point where the strip leaves the roll, thus insuring a thick, uniform coating. In the Barrett device, any accumulation of coating material would be in the pocket where the strip first engages the roll and any material applied there would be pressed between the roll and the strip. The arrangement to which claims 1 and 2 are limited thus results in a distinct and different method of application which is peculiarly suited to the thick coatings applied by appellant and, in our opinion, such an arrangement is not suggested by the references relied on.

█ It is also to be noted that the application on which the Jennings patent was granted originally contained claims calling for an applicator roll rotating oppositely to the movement of the material, as well as claims of a scope similar to that of claim 3 of the patent, and that division between those two groups of claims was required by the examiner on June 26, 1943. Under such circumstances, a clear showing of lack of invention is necessary to support a rejection on the ground of double patenting. In re Cady, 77 F.2d 106, 22 C.C.P.A., Patents, 1190; In re Coleman, 189 F.2d 976, 38 C.C.P.A., Patents, 1156. We do not find that such a showing has been made in this case, and claims 1 and 2 should accordingly be allowed.

Appealed claims 3 and 4, which are drawn to appellant's apparatus, with particular reference to the adjustment of the small rollers, were rejected on Mather in view of Drummond, the latter patent being relied on to show the heating and drying elements claimed. We agree with the board that those features are shown by Drummond and that there would be no invention in combining them with the applicator roll and adjustable rollers shown by Mather.

The proposed combination of references would substantially anticipate appealed claim 3, since Mather's rollers may be adjusted in position with respect to the applicator roll by movement of the pivoted frame on which they are supported. The lowering of the frame necessarily increases the surface contact between the applicator roll and the strip of material being coated. Claim 3, therefore, was properly rejected.

Claim 4 is limited to appellant's specific adjusting means which permit either end of each of the common angle irons which hold the rollers to be adjusted vertically independently of the other. This arrangement permits a wide adjustment not only to the extent to which the material to be coated contacts the applicator roll, but also of the angles at which it approaches and leaves the roll. The apparatus of claim 4 provides for a more accurate and flexible control of a viscous coating material than could be obtained by Mather's device. In fact, Mather is not concerned with applying a coating, but merely with dampening a sheet of material. We are accordingly of the opinion that the specific apparatus of claim 4 would not be obvious in view of the references cited, and that claim 4 should, therefore, be allowed.

The decision of the board is modified, being affirmed as to claim 3 and reversed as to claims 1, 2 and 4.

Modified.